UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
HUMBERTO GIL,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,
----------------------------------------------------X

**MEMORANDUM & ORDER**

02-CR-0757

**APPEARANCES:**

**For Petitioner:**
Humberto Gil, Pro Se
Inmate No. 36209-053
FCI Interstate Unit
1801-W-I-20
Big Springs, Texas 79720

**For Respondent:**
Loretta E. Lynch
United States Attorney, Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Allen L. Bode, AUSA

**HURLEY, Senior District Judge:**

Petitioner Humberto Gil ("Petitioner" or "Gil") has filed a motion "for [a] sentence (reduction) adjustment" on the ground that he is a deportable alien. For the reasons discussed below, Petitioner's motion is barred and is therefore denied.

**Background**

Petitioner pled guilty before this Court to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(ii)(II). On April 25, 2003, Petitioner was sentenced by this Court to a term of imprisonment of 121 months, followed by five years of supervised release. (Dkt. No. 19.) Petitioner did not appeal his conviction or sentence.

Petitioner filed the instant petition, via letter motion, on November 20, 2007, for a twelve month reduction in his sentence. (Dkt. No. 20.)

Petitioner is an illegal alien who is subject to deportation pursuant to 8 U.S.C. § 1227. Petitioner alleges, *inter alia*, that his sentence is "unusal[ly] harsh" because he "can not [sic] receive a timely half-way house release." (Dkt. No. 20 at 2.) The Bureau of Prisons ("BOP"), to the extent feasible, reassigns inmates to facilities, typically referred to as "halfway homes," for the final ten percent of their respective sentences to prepare them for reentry into society. Applications for reassignment submitted by deportable aliens, however, are typically denied. It is worth noting that Petitioner has not shown that he either applied for or was denied reassignment.

## I. Petitioner's Motion is Time Barred

It is unclear under which provision Petitioner is seeking relief. In the Court's view there are only two possibilities–Fed. R. Crim. P. 35 and 28 U.S.C. § 2255. In either case, the motion is untimely.

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). As more than seven days have elapsed since Petitioner was sentenced, any Rule 35 application is time barred.

Pursuant to § 2255, a federal prisoner who is seeking habeas corpus must file his petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(4)(1). Petitioner was sentenced on April 25, 2003. (Dkt. No. 19.) Since Petitioner did not seek appellate review, his conviction became final ten days later, i.e. sometime in May 2004. *See*

Fed. R. App. P. 4(b)(1)(A).[1]  Hence, the one year statute of limitations expired long before Petitioner filed the instant petition on November 20, 2007.  The petition is clearly time-barred.

**II.     Petitioner's Claim is Without Merit**

Even assuming, *arguendo*, that Petitioner was not time barred from pursuing his claims, they are without merit.  Petitioner bases his petition on the ground that since he is subject to deportation, he should be granted a downward departure or reduction in his sentence.  As stated above, Petitioner has not even alleged that he has been denied reassignment.

It is possible that "pertinent collateral consequences of a defendant's alienage [can] serve as a valid basis for departure if those consequences [are] extraordinary in nature or degree." *United States v. Duque*, 256 Fed. Appx. 436, 437-438 (2d Cir. 2007) (summary order) (*citing United States v. Restrepo*, 999 F.2d 640, 644 (2d Cir. 1993)).  Petitioner, however, cites no alienage consequences that are not faced by any other alien subject to deportation.  Although Petitioner suffers from physical ailments, they have no relation to Petitioner's alienage consequences.  The Second Circuit has held that this exact scenario—being ineligible to serve the latter portion of one's sentence in a half-way house—does not provide a basis for granting a downward departure.  *Restrepo*, 999 F.2d at 642-45.

Some other Circuits have granted downward departures where a defendant's status as a deportable alien would subject them to harsher conditions of confinement.  *See United States v. Farouil*, 124 F.3d 838 (7th Cir. 1997); *United States v. Charry Cubillos*, 91 F.3d 1342 (9th Cir. 1996); *United States v. Smith*, 27 F.3d 649 (D.C.Cir. 1994).  However, in *Duque*, the Second

---

[1] The Court notes that the ten day provision in Fed. R. App. P. 4(b)(1)(A) was amended to fourteen days in 2009.

Circuit reaffirmed the holding in *Restrepo*. *Duque*, 256 Fed. Appx. at 437 ("[t]he collateral effects of deportability- e.g., (1) the unavailability of preferred conditions of confinement, [and] (2) the possibility of an additional period of detention pending deportation following the completion of sentence-generally do not justify a departure from the Guidelines range") (internal quotations omitted) (*citing Restrepo*, 999 F.2d at 644; *United States v. Wills*, 476 F.3d 103, 107 (2d Cir. 2007)).

## Conclusion

For the foregoing reasons, Petitioner's motion is denied.


**SO ORDERED.**

Dated: Central Islip, New York
October 6, 2010      /s
                     Denis R. Hurley
                     Senior District Judge